**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GATES, HUDSON & ASSOCIATES,
INCORPORATED,
Plaintiff-Appellee,

                    No. 98-2172

v.

SIMON BANKS; CAMILLE T. TAYLOR,
Defendants-Appellants.

GATES, HUDSON & ASSOCIATES,
INCORPORATED,
Plaintiff-Appellee,

                    No. 98-2210

v.

SIMON BANKS; CAMILLE T. TAYLOR,
Defendants-Appellants.

SIMON BANKS,
Plaintiff-Appellant,

and

CAMILLE T. TAYLOR,
Plaintiff,

                    No. 98-2485

v.

KEVIN M. FITZPATRICK; FITZPATRICK
& RAFTERY, P.C.; GATES, HUDSON &
ASSOCIATES, INCORPORATED; E.
ROBERT GIAMMITTORIO, Chief Judge,
Alexandria General District Court;

BECKY MOORE; JAMES S. GILMORE,
III, Governor of Virginia; JAMES H.
DUNNING, Sheriff for Alexandria,
Virginia,
Defendants-Appellees.

GATES, HUDSON & ASSOCIATES,
INCORPORATED,
Plaintiff-Appellee,

No. 98-2488

v.

SIMON BANKS; CAMILLE T. TAYLOR,
Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge;
Leonie M. Brinkema, District Judge.
(CA-98-514-A, CA-98-1150-A, CA-98-1116-A)

Submitted: April 13, 1999

Decided: April 30, 1999

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Nos. 98-2172 and 98-2485 affirmed; Nos. 98-2210 and 98-2488
affirmed in part and vacated and remanded in part by unpublished per
curiam opinion.

_____

2

**COUNSEL**

Simon Banks, Camille T. Taylor, Appellants Pro Se. Alan Russell Siciliano, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, L.L.P., Alexandria, Virginia; John Benjamin Raftery, FITZPATRICK & RAFTERY, P.C., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Simon Banks and Camille Taylor ("Appellants") have filed four consolidated appeals stemming from three closely related district court cases.

In appeal number 98-2172, Appellants appeal the district court's order remanding to state court the unlawful detainer action in which they are Defendants. In light of the procedural posture of this matter, we need not review the propriety of the remand order. The unlawful detainer action proceeded to completion in state court during the pendency of these appeals. Therefore, even if we were to review the order and conclude that the remand was in error, relitigation of the unlawful detainer claim would be barred by the doctrine of res judicata. See generally Sykes v. Texas Air Corp., 834 F.2d 488, 490-91 (5th Cir. 1987) (discussing "peculiar" quality of appellate review of remand orders). Accordingly, we affirm.

In appeal number 98-2210, Appellants appeal the district court's orders denying their emergency motion and deeming their second removed case closed. We have reviewed the record and the district court opinions and find no reversible error. Accordingly, we affirm on

3

the reasoning of the district court. See Gates, Hudson & Assocs., Inc. v. Banks, No. CA-98-1150-A (E.D. Va. Aug. 17, 1998).*

In appeal number 98-2488, Appellants appeal the district court's order granting Appellee's second motion to remand, entered after Appellants had noted appeal number 98-2210. Because Appellants had already noted an appeal of the district court's order closing the case, the district court was without jurisdiction to grant the motion to remand. See Fobian v. Storage Technology Corp. , 164 F.3d 887, 890 (4th Cir. 1999). We therefore vacate that portion of the district court's order remanding the action, and remand for such further proceedings, if any, as the district court deems appropriate. With regard to the imposition of sanctions, we have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm the portion of the district court's order that imposes sanctions on the reasoning of the district court. See Gates, Hudson & Assocs., Inc. v. Banks, No. CA-98-1150-A (E.D. Va., filed Aug. 21, 1998; entered Aug. 24, 1998; see Fed. R. Civ. P. 58, 79(a)); see also Langham-Hill Petroleum Inc. v. Southern Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987). We deny Appellants' motion for summary reversal of the district court's August 24, 1998, order.

In appeal number 98-2485, Appellants appeal the district court's order dismissing their action seeking injunctive and mandamus relief as well as monetary damages. We have reviewed the record and the district court opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See Banks v. Fitzpatrick, No. CA-98-1116-A (E.D. Va., filed Aug. 27, 1998; entered Aug. 31, 1998; see Fed. R. Civ. P. 58, 79(a)).

We dispense with oral argument because the facts and legal conten-

_____

*Although the district court's orders are marked as"filed" on August 10 and 11, 1998, the district court's records show that the orders were entered on the docket sheet on August 17, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the orders were entered on the docket sheet that we take as the effective date of the district court's decisions. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

4

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 98-2172/2485 - <u>AFFIRMED</u>
Nos. 98-2210/2488 - <u>AFFIRMED IN PART, VACATED AND REMANDED IN PART</u>

5